Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1864 Route 70 East
Cherry Hill, NJ 08003
(856) 761-5090
Attorney for Plaintiff, Anthony DeStefano

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

| | |
|---|---|
| ANTHONY DESTEFANO, | |
| | |
| | Civil Action No. _____ |
| Plaintiff | |
| | |
| vs. | |
| | **COMPLAINT** |
| | |
| | **JURY TRIAL  [X] YES  [  ] NO** |
| NEW JERSEY SMALL BUSINESS DEVELOPMENT | |
| CENTER AT RUGERS UNIVERSITY, a constituent unit of | |
| RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, | |
| RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, | |
| ROBERT PALUMBO and KELLY BROZYNA, | |
| | |
| Defendants | |

_____

PARTIES

1. Plaintiff, ANTHONY DESTEFANO, is an adult individual, who resides at 108 Holyoke Avenue, in the Borough of Somerdale, County of Camden, and State of New Jersey.

2. Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, a constituent unit of Defendant RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, has a principal office at 7 College Avenue, Winants Hall, Room 112, in the City of New Brunswick, County of Middlesex, and State of New Jersey.

3.  Defendant, ROBERT PALUMBO, is an adult individual, who is the Regional Director of the Camden office and an employee of Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, with a principal office at 419 Cooper Street, in the City of Camden, County of Camden, and State of New Jersey.

4.  Defendant, KELLY BROZYNA, is an adult individual, who is the State Director & Chief Executive Officer of Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, and an employee of Rutgers Business School, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, with a principal office at 1 Washington Park, in the City of Newark, County of Essex, and State of New Jersey.

## JURISDICTION

5.  The basis for jurisdiction is FEDERAL QUESTION, under 28 U.S.C. Secs. 1331 and 1343.

## STATEMENT OF THE CASE

6.  On or about January 24, 2021, Plaintiff, ANTHONY DESTEFANO, was an independent contractor, working as a consultant for Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUGERS UNIVERSITY, under a contract with Defendant, RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY.

7.  The term of the contract under which Plaintiff, ANTHONY DESTEFANO, worked as a consultant with Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, expired on June 21, 2021.

8.  Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS

2

UNIVERSITY, was acting as a conduit of funds appropriated by Congress and originating from the United States Small Business Administration, a federal agency.

9. The function of Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, in this instance, was to administer funds which originated with the United States Small Business Administration and to distribute those funds to worthy applicants through grants and loans.

10. The grant and loan applicants, in this instance, were businesses.

11. The ultimate beneficiaries of the federal money originating in the United States Small Business Administration, and distributed through Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, in grants and loans to worthy applicants, were businesses.

12. The purpose of the federal money so distributed to worthy applicants in grants and loans was to enable businesses and their employees to survive the Covid-19 pandemic.

13. The function of Plaintiff, ANTHONY DESTEFANO, in this instance, as a consultant working for Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, was to act as an advocate for and to actively assist businesses which were grant and loan applicants for the federal funds being distributed to worthy applicants, originating from the United States Small Business Administration.

14. Plaintiff, ANTHONY DESTEFANO, was paid for his consulting work with Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY by Defendant, RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY.

3

15. The funding by which Plaintiff, ANTHONY DESTEFANO, was paid for his consulting work with Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, was provided by the United States Small Business Administration.

16. Over the course of his consulting work for Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, Plf., ANTHONY DESTEFANO, came to regard the business owners who he assisted in obtaining federal funds as his "clients."

17. Plaintiff, ANTHONY DESTAFANO, formed a close relationship with many of his "clients."

18. Plaintiff, ANTHONY DESTEFANO, did a great job obtaining federal funds for his clients.

19. Plaintiff, ANTHONY DESTEFANO, gained about a million dollars in funding for about 136 "clients."

20. In addition, Plaintiff, ANTHONY DESTEFANO, performed hundreds of hours of work on behalf of his clients without billing Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, for his time.

21. Defendant, ROBERT PALUMBO, was aware that Plaintiff performed hundreds of hours of work on behalf of his clients, without billing for his time.

22. In addition, Plaintiff, ANTHONY DESTEFANO, spent weeks studying rules and regulations for complex grant and loan instruments, including the federal Paycheck Protection Program, so he could better advise his clients about getting these grants and loans, without billing Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, for his time.

23. Defendant, ROBERT PALUMBO, was aware that Plaintiff spent weeks studying rules and regulations so he could better advise his clients, without billing for his time.

24. Plaintiff got many compliments from his clients.

25. Plaintiff got many compliments from Defendant, ROBERT PALUMBO.

26. Def., ROBERT PALUMBO, promised Plaintiff many times that, due to his exemplary work, his expiring contract (due to expire on June 21, 2021) would be renewed.

27. Further, Defendant, ROBERT PALUMBO, told Plaintiff many times that he was desirous of a long term relationship with Plaintiff, due to the high quality of Plaintiff's work.

28. In addition, Defendant, ROBERT PALUMBO, told Plaintiff many times that he had other jobs for Plaintiff to do once the Paycheck Protection Program expired.

29. Plaintiff, ANTHONY DESTEFANO, was deserving of having his expiring contract (due to expire on June 21, 2021), renewed, due to the high quality of his work for Defendant.

30. On June 15, 2021, Defendant, ROBERT PALUMBO, was desirous of renewing Plaintiff, ANTHONY DESTEFANO's expiring contract (due to expire on June 21, 2021).

31. On June 15, 2021, Defendant, ROBERT PALUMBO, sent Plaintiff an email.

32. Defendant, ROBERT PALUMBO's June 15, 2021 email to Plaintiff stated: Hi Tony: Please be advised we need to process a new Purchase Order for you.  There is only $550 left on your existing Purchase Order.  Please do not bill more than $550 in June. Beyond the $550 you will need to cease any additional work until a new PO has been approved by Rutgers. The May invoice for $2,800 was unexpectedly high. Once we receive the new purchase order, we can discuss a monthly budget, so we do not run into this issue again.

5

33. Defendant, ROBERT PALUMBO's June 15, 2021 email to Plaintiff showed an intent to renew Plaintiff's purchase order [contract] due to expire on June 21, 2021.

34. During the course of his work for Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, Plaintiff, ANTHONY DESTEFANO, became aware of bank practices which caused Paycheck Protection Program funds to be denied to black-owned very small businesses.

35. Plaintiff, ANTHONY DESTEFANO, spoke to a representative of one bank on the phone and after identifying who he worked for, asked the bank to stop the practice which caused Paycheck Protection Program funds to be denied to black-owned very small businesses, which it did.

36. Plaintiff, ANTHONY DESTEFANO, spoke to a representative of a second bank on the phone and asked it to alter its practice which interfered with the application of black-owned small businesses for Paycheck Protection Program funds, which it agreed to do.

37. Defendant, ROBERT PALUMBO, became aware that Plaintiff, ANTHONY DESTEFANO, had called two banks for the purpose of altering their practices which served to deny or interfere with the application of black-owned small businesses for Paycheck Protection Program funds.

38. Defendant, ROBERT PALUMBO, ordered Plaintiff to stop advocating with the two banks for "them."

39. Plaintiff, ANTHONY DESTEFANO, took "them" to mean his "clients" who were black owners of small businesses.

40. On other occasions, during the course of his work for Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, Plaintiff wrote business plans for his clients who were black owners of small businesses because these individuals could not write well enough to write business plans.

41. Defendant, ROBERT PALUMBO, told Plaintiff to stop writing business plans for his clients who were black owners of small businesses, but to edit the plans they wrote instead, because "if they cannot write a business plan, they should not be in business."

42. Plaintiff, ANTHONY DESTEFANO, understood "they" to mean his clients who were black owners of small businesses.

43. Further, Plaintiff, ANTHONY DESTEFANO, recognized that if his clients who were black owners of small businesses were disadvantaged in the opportunity to submit business plans, they would fail to qualify for federal funds in disproportionate numbers, compared to white applicants.

44. Plaintiff, ANTHONY DESTEFANO, proceeded to edit business plans of his clients who were black small business owners, but in the editing process, did substantial revisions to the business plans, so his clients who were black business owners would not be at a disadvantage in the application process, compared to white applicants.

45. On other occasions, during the course of his work for Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, Plaintiff filled out forms for his clients who were black owners of small businesses because these individuals were uncomfortable filling out forms.

46. Defendant, ROBERT PALUMBO, told Plaintiff to stop filling out forms for his clients who were black owners of small businesses.

47. Further, Plaintiff, ANTHONY DESTEFANO, recognized that if his clients who were black owners of small businesses were disadvantaged in the opportunity to submit accurate forms, they would fail to qualify for federal funds in disproportionate numbers, compared to white applicants.

48. Plaintiff proceeded to spend hours on the phone with his clients who were black owners of small businesses who needed help with their forms, but to not bill Defendant for the additional time, so his clients who were black business owners would not be at a disadvantage in the application process, compared to white applicants.

49. On another occasion, during the course of his work for Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, Plaintiff was instructed by Defendant, ROBERT PALUMBO, to spend only about half an hour with each client.

50. Plaintiff, ANTHONY DESTEFANO, recognized that the time limitation with each client would disproportionately disadvantage his clients who were black owners of small businesses, as compared to white clients, since clients who were black owners of small businesses typically needed more time with him since they needed more help.

51. Plaintiff, ANTHONY DESTEFANO, further recognized that if his clients who were black business owners were not to get sufficient time from him, they would be disproportionately disadvantaged in the application process for federal funds, compared to white applicants.

52. Plaintiff, ANTHONY DESTEFANO, proceeded to spend more than one half hour with clients who needed more of his time, but to not bill Defendant for the additional time, so that his black clients who were small business owners would not be at a disadvantage in the application process, compared to white applicants.

53. Plaintiff, ANTHONY DESTEFANO, came to recognize that the policies and procedures ordered to be put into place by Defendant, ROBERT PALUMBO, were invidiously discriminatory against his clients who were black business owners applying for federal funds, because those policies and procedures, if followed, put black applicants for federal funds at a disadvantage, compared to white applicants.

54. On June 21, 2021 at approximately 3 P.M., Plaintiff, ANTHONY DESTEFANO, sent an email in which he opposed the policies and practices ordered by Defendant, ROBERT PALUMBO, by complaining about those policies and practices to the recipients.

55. The recipients of the June 21, 2021 email were Defendant, ROBERT PALUMBO, Palumbo's administrative assistant Brenda B., the United States Small Business Administration, Shaun O'Connor (a contact person at the office of U.S. Congressman Norcross), and the office of U.S. Senator Cory Booker.

56. Each recipient of the June 21, 2021 email was made aware of all the other recipients of the June 21, 2021 email by way of cc.'s.

57. Plaintiff, ANTHONY DESTEFANO's email of June 21, 2021 was protected activity.

58. On June 21, 2021, after 3 P.M., Plaintiff, ANTHONY DESTEFANO, failed to get a transmission of information from Defendant, ROBERT PALUMBO, on the subject that his contract as a consultant with Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, was being renewed.

59. The failure to get a transmission of information from Defendant, ROBERT PALUMBO, by the close of business on June 21, 2021, on the subject that his contract as a consultant with Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, was being renewed, meant that his contract as a consultant with Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, was not renewed prior to its expiration date of June 21, 2021 by Defendants, ROBERT PALUMBO and KELLY BROZYNA.

60. On June 22, 2021, Plaintiff, ANTHONY DESTEFANO, was getting phone calls from his "clients."

61. Plaintiff, ANTHONY DESTEFANO, was forced to turn away all but two or three of his "clients" who called him on or after June 22, 2021, since he was not informed prior to June 22, 2021 by Defendants, ROBERT PALUMBO and KELLY BROZYNA, that his contract as a consultant with Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, had been renewed.

62. The failure to renew Plaintiff's contract as a consultant with Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, was an adverse employment action.

63. Defendant, KELLY BROZYNA, is a supervisor of Defendant, ROBERT PALUMBO.

64. On June 24, 2021, Defendant, KELLY BROZYNA, sent an email to Plaintiff, ANTHONY
DESTEFANO.

65. In the June 24, 2021 email, Defendant, KELLY BROZYNA, informed Plaintiff, that his
contract as a consultant with Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT
CENTER AT RUTGERS UNIVERSITY, which had expired on June 21, 2021, was not being
renewed.

66. Defendant, KELLY BROZYNA, as a supervisor, ratified Defendant, ROBERT PALUMBO's
decision not to renew Plaintiff's contract as a consultant with Defendant, NEW JERSEY
SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY.

67. The decision not to renew Plaintiff, ANTHONY DESTEFANO's contract as a consultant
with Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS
UNIVERSITY, was made subsequent to receipt by the recipients of Plaintiff, ANTHONY
DESTEFANO's email of June 21, 2021.

68. Further, in the June 24, 2021 email, Defendant, KELLY BROZYNA, falsely asserted that
Plaintiff's purchase order balance had been depleted to zero.

69. Further, in the June 24, 2021 email, Defendant, KELLY BROZYNA, falsely asserted that
the funding for Plaintiff's 1099 contract as a consultant came from a CARES Act grant.

70. Further, in the June 24, 2021 email, Defendant, KELLY BROZYNA, falsely asserted that a
CARES Act grant which had funded Plaintiff's 1099 contract as a consultant had expired.

71. Further, in the June 24, 2021 email, Defendant, KELLY BROZYNA, falsely asserted that Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, was not renewing any additional work for consultants on the CARES Act grant in question.

72. Further, in the June 24, 2021 email, Defendant, KELLY BROZYNA, falsely asserted that the CARES Act grant in question was a short term grant.

73. Further, Defendant, KELLY BROZYNA, added on to the bottom of the June 24, 2021 email what purported to be an email sent from her to Bob at NJSBDC.

74. Further, in the body of the June 24, 2021 email to Plaintiff, Defendant, KELLY BROZYNA, wrote "(see email below with regards to the direction)."

75. The purported email at the bottom of the June 24, 2021 email did, in relevant part, instruct Defendant, ROBERT PALUMBO, not to renew CARES Act financial consultants once their purchase orders were closed out.

76. The purported email at the bottom of the June 24, 2021 email did not contain a date of transmission.

77. The purported email at the bottom of the June 24, 2021 email was, in fact, never transmitted by Defendant, KELLY BROZYNA, to Defendant, ROBERT PALUMBO.

78. The representation by Defendant, KELLY BROZYNA, in her June 24, 2021 email that she transmitted the purported email at the bottom of the June 24, 2021 email to Defendant, ROBERT PALUMBO, was false.

79. The purpose of the false representation by Defendant, KELLY BROZYNA, that she transmitted the purported email at the bottom of the June 24, 2021 email to Defendant, ROBERT PALUMBO, was to cover-up wrongdoing by Defendant, ROBERT PALUMBO.

80. Subsequently, following its nonrenewal of Plaintiff's purchase order, Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, contracted with another person to fill the position formerly held by Plaintiff, ANTHONY DESTEFANO.

INJURIES

81. As a direct and proximate result of the conduct of Defendants, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, ROBERT PALUMBO and KELLY BROZYNA, as aforesaid, Plaintiff, ANTHONY DESTEFANO, suffered pecuniary loss, emotional distress, and mental anguish.

COUNT I

42 U.S.C. SEC. 1981 CLAIM FOR INTERFERENCE WITH A CONTRACTUAL INTEREST OF THIRD PERSONS BY WAY OF DISCRIMINATION ON ACCOUNT OF THE RACE OF THOSE THIRD PERSONS

82. The law recognizes that the rights protected by the "make and enforce contracts" clause of 42 U.S.C. Sec. 1981 includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship, as per 42 U.S.C. Sec. 1981(b).

13

83. Defendants, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS

UNIVERSITY and ROBERT PALUMBO interfered with a contractual interest of Plaintiff,

ANTHONY DESTEFANO's black small business owner "clients" to gain access to federal

funds, by way of purposeful discrimination on account of the race of those black small

business owner "clients."

84. The contractual interest which Defendants, NEW JERSEY SMALL BUSINESS

DEVELOPMENT CENTER AT RUTGERS UNIVERSITY and ROBERT PALUMBO, interfered

with, was a prospective contractual relationship with the purveyor of federal funds,

which, when and if consummated, would make Plaintiff's black small business owner

"clients" eligible for and the ultimate recipient of federal funds.

85. By interfering with a contractual interest of Plaintiff, ANTHONY DESTEFANO's black small

business owner "clients" to gain access to federal funds, by way of purposeful

discrimination on account of the race of those black small business owner "clients,"

Defendants, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS

UNIVERSITY and ROBERT PALUMBO, were in violation of the "make and enforce

contracts" clause of 42 U.S.C. Sec. 1981.

86. Further, the law recognizes that a plaintiff may be permitted to assert third parties'

rights, and to do so by establishing third party standing to sue, he (1) must suffer injury;

(2) must have a close relationship with the third parties; and (3) the third parties must

face some obstacles that prevent them from pursuing their own claims.

14

87. Plaintiff, ANTHONY DESTEFANO, suffered injury, to wit: he was unable to effectively perform his job of assisting his black small business owner "clients" in obtaining federal funds; and his opposition to the interference by Defendants, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY and ROBERT PALUMBO, with the effective performance of his job ultimately resulted in the failure by Defendants, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, ROBERT PALUMBO and KELLY BROZYNA to renew his contract.

88. Plf., ANTHONY DESTEFANO, had a close relationship with the impacted third parties.

89. Further, the impacted third parties face some obstacles that prevent them from pursuing their own claims; to wit, they do not have access to the insider account of the interaction between Plaintiff, ANTHONY DESTEFANO, and Def., ROBERT PALUMBO.

90. Plaintiff, ANTHONY DESTEFANO, has third party standing to sue to assert the 42 U.S.C. Sec. 1981 rights of his black small business owner "clients."

COUNT II

42 U.S.C. SEC. 1983 CLAIM FOR DENIAL OF THE EQUAL PROTECTION RIGHTS OF THIRD PERSONS AGAINST INDIVIDUAL DEFENDANTS ACTING IN THEIR INDIVIDUAL CAPACITIES

91. Defendants, ROBERT PALUMBO and KELLY BROZYNA, sued in their individual capacities, were state actors who were acting under the color of state law.

92. The right to be protected from disparate treatment amounting to purposeful discrimination, compared to treatment received by similarly situated individuals, by state actors, on account of a protected characteristic of the targeted individuals, is protected by the Equal Protection Clause of the Fourteenth Amendment.

15

93. The conduct consisting of disparate treatment amounting to purposeful discrimination, compared to treatment received by similarly situated white small business owner applicants, targeting black small business owner applicants for federal funds, by Defendant, ROBERT PALUMBO, and acquiesced in by Defendant, KELLY BROZYNA, violated the Equal Protection right of those black small business owners under the Fourteenth Amendment.

94. Further, the law recognizes that a plaintiff may be permitted to assert third parties' rights, and to do so by establishing third party standing to sue, he (1) must suffer injury; (2) must have a close relationship with the third parties; and (3) the third parties must face some obstacles that prevent them from pursuing their own claims.

95. Plaintiff, ANTHONY DESTEFANO, suffered injury, to wit: he was unable to effectively perform his job of assisting his black small business owner "clients" in obtaining federal funds; and his opposition to the interference by Defendant, ROBERT PALUMBO, with the effective performance of his job ultimately resulted in the failure by Defendants, ROBERT PALUMBO and KELLY BROZYNA to renew his contract.

96. Plf., ANTHONY DESTEFANO, had a close relationship with the impacted third parties.

97. Further, the impacted third parties face some obstacles that prevent them from pursuing their own claims; to wit, they do not have access to the insider account of the interaction between Plaintiff, ANTHONY DESTEFANO, and Def., ROBERT PALUMBO.

98. Plaintiff, ANTHONY DESTEFANO, has third party standing to sue to assert the 42 U.S.C. Sec. 1983 rights of his black small business owner "clients."

16

COUNT III

TITLE VI RETALIATION CLAIM AGAINST A PROGRAM WHICH IS A RECIPIENT OF FEDERAL FUNDS

99. The law recognizes that a cause of action for Title VI retaliation exists, and to state such a claim a plaintiff must show: (1) that he engaged in protected activity; (2) that he suffered a material adverse action; and (3) a causal relationship between the two.

100.     Plaintiff, ANTHONY DESTAFANO's June 21, 2021 email was protected activity.

101.     The failure by Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, to renew Plaintiff's contract upon its expiration on June 21, 2021 was a material adverse action.

102.     The temporal proximity between the two establishes causal relationship.

103.     Further, the law recognizes an exception to the 42 U.S.C. Sec. 2000d-3 limitation, where a plaintiff alleges that his employer retaliated against him after he raised concerns about race discrimination affecting others, including non-employees.

104.     Based on the exception, where the victims of the discrimination about which the plaintiff complained (and for which complaining the plaintiff suffered retaliation) are the intended beneficiaries of the federal funding, the "primary objective of providing employment" limitation of 42 U.S.C. Sec. 2000d-3 does not apply.

105.     By retaliating against Plaintiff, ANTHONY DESTEFANO, for raising concerns about race discrimination affecting his black small business owner "clients," Def., NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, violated Title VI.

COUNT IV

42 U.S.C. SEC. 1981 RETALIATION CLAIM RESULTING FROM OPPOSITION TO INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP OF THIRD PERSONS BY WAY OF DISCRIMINATION ON ACCOUNT OF THE RACE OF THOSE THIRD PERSONS

106.     The law recognizes that to state a prima facie case of retaliation pursuant to Sec. 1981, a plaintiff must show: (1) he engaged in protected activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity, and (3) a causal link exists between the two.

107.     Plaintiff, ANTHONY DESTEFANO's June 21, 2021 email was protected activity.

108.     The failure by Defendants, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, ROBERT PALUMBO and KELLY BROZYNA to renew Plaintiff's contract upon its expiration on June 21, 2021 was an adverse employment action.

109.     The temporal proximity between the two establishes causal relationship.

110.     Further, the law recognizes that a Sec. 1981 retaliation claim will be stated when the complaining individual was punished for opposing conduct that violated Sec. 1981, whether that complaining individual was the victim of the Sec. 1981 violation, or third parties were the victims of the Sec. 1981 violation.

111.     By retaliating against Plaintiff, ANTHONY DESTEFANO, for raising concerns about race discrimination affecting his black small business owner "clients," Defendants, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, ROBERT PALUMBO and KELLY BROZYNA, violated Sec. 1981.

COUNT V

42 U.S.C. SEC. 1983 RETALIATION CLAIM RESULTING FROM OPPOSITION TO INFRINGEMENT ON THE RIGHT OF THIRD PERSONS TO BE FREE OF PURPOSEFUL DISCRIMINATION ON ACCOUNT OF THEIR RACE AGAINST INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

112.    The law recognizes that to state a claim of retaliation pursuant to Sec. 1983, a plaintiff must show (1) constitutionally protected conduct; (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the two.

113.    Plaintiff, ANTHONY DESTEFANO's June 21, 2021 email was constitutionally protected conduct.

114.    The failure by Defendants, ROBERT PALUMBO and KELLY BROZYNA, to renew Plaintiff's contract upon its expiration on June 21, 2021 was retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights.

115.    The temporal proximity between the two establishes causal relationship.

116.    Further, the law recognizes that a Sec. 1983 retaliation claim will be stated when the complaining individual suffered retaliatory action for opposing conduct that violated the Constitution, whether that complaining individual was the victim of the constitutional violation, or third parties were the victims of the constitutional violation.

117.    By retaliating against Plaintiff, ANTHONY DESTEFANO, for raising concerns about disparate treatment amounting to purposeful discrimination affecting his black small business owner "clients," as compared to treatment afforded to white small business owner applicants, Defs., ROBERT PALUMBO and KELLY BROZYNA, violated Sec. 1983.

19

COUNT VI

NJLAD RETALIATION CLAIM

118.      NJLAD Sec. 10:5-12(d) provides a cause of action for retaliation against any

person because that person has opposed any practices or acts forbidden under NJLAD,

or on account of that person having aided any other person in the exercise or

enjoyment of any right granted or protected by NJLAD.

119.      The law recognizes that a prima facie case of NJLAD discriminatory retaliation

requires a plaintiff to establish: (1) he engaged in protected activity known by the

defendant; (2) the defendant thereafter retaliated against the plaintiff; and (3) a causal

relationship between the two.

120.      Plaintiff, ANTHONY DESTEFANO's June 21, 2021 email was protected activity

known by the defendants.

121.      The failure by Defendants, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER

AT RUTGERS UNIVERSITY, ROBERT PALUMBO and KELLY BROZYNA to renew Plaintiff's

contract upon its expiration on June 21, 2021 was retaliation.

122.      The temporal proximity between the two establishes causal relationship.

123.      By retaliating against Plaintiff, ANTHONY DESTEFANO, for raising concerns about

race discrimination affecting his black small business owner "clients," Defendants, NEW

JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY, ROBERT

PALUMBO and KELLY BROZYNA, violated NJLAD.

COUNT VII

NJCEPA CLAIM UNDER N.J.S.A. 34:19-3(a)(1) and (c)(1)

124.    NJCEPA Sections 3(a)(1) and (c)(1) bar retaliation against a plaintiff who either

discloses to a public body a practice which he reasonably believes is illegal, or objects to

a practice which he reasonably believes is illegal.

125.    The law recognizes that a plaintiff who alleges a violation under these sections is

required to prove: (1) he reasonably believed an illegal practice was occurring; (2) he

engaged in protected whistle-blowing activity; (3) an adverse employment action was

taken against him; and (4) a causal relationship between his whistle-blowing activity and

the adverse employment action.

126.    Plaintiff, ANTHONY DESTEFANO, reasonably believed racial discrimination was

occurring (which is illegal) which affected his black small business owner "clients."

127.    Plaintiff, ANTHONY DESTEFANO's June 21, 2021 email was protected whistle-

blowing activity.

128.    The failure by Defendants, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER

AT RUTGERS UNIVERSITY, ROBERT PALUMBO and KELLY BROZYNA to renew Plaintiff's

contract upon its expiration on June 21, 2021 was an adverse employment action.

129.    Temporal proximity between Plaintiff's whistle-blowing activity and the adverse

employment action establishes causal relationship.

130.    By retaliating against Plaintiff, ANTHONY DESTEFANO, for his whistle-blowing

activity raising concerns about race discrimination affecting his black small business

owner "clients," Defendants, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT

RUTGERS UNIVERSITY, ROBERT PALUMBO and KELLY BROZYNA, violated NJCEPA.

COUNT VIII

NJCRA RETALIATION CLAIM AGAINST INDIVIDUAL DEFENDANTS ACTING IN THEIR INDIVIDUAL
CAPACITIES

131.      The law recognizes that to state a claim of retaliation pursuant to NJCRA, a

plaintiff must show (1) he engaged in conduct protected by the N.J. Constitution; (2)

retaliatory action sufficient to deter a person of ordinary firmness from exercising his

rights protected by the N.J. Constitution; and (3) a link between the two.

132.      Plaintiff, ANTHONY DESTEFANO's June 21, 2021 email was conduct protected by

the N.J. Constitution.

133.      The failure by Defendants, ROBERT PALUMBO and KELLY BROZYNA, to renew

Plaintiff's contract upon its expiration on June 21, 2021 was retaliatory action sufficient

to deter a person of ordinary firmness from exercising his rights protected by the N.J.

Constitution.

134.      The temporal proximity between the two establishes causal relationship.

135.      Further, the law recognizes that a NJCRA retaliation claim will be stated when

the complaining individual suffered retaliatory action for opposing conduct that violated

a right protected by the N.J. Constitution, whether that complaining individual was the

victim of the violation of the N.J. Constitution, or third parties were the victims of the

violation of the N.J. Constitution.

22

136.     By retaliating against Plaintiff, ANTHONY DESTEFANO, for raising concerns about disparate treatment amounting to purposeful discrimination affecting his black small business owner "clients," as compared to treatment afforded to white small business owner applicants, Defs., ROBERT PALUMBO and KELLY BROZYNA, violated NJCRA.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, ANTHONY DESTEFANO, demands judgment against Defendants, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY; RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY; ROBERT PALUMBO and KELLY BROZYNA, for compensatory damages, punitive damages, injunctive relief consisting of specific performance requiring Defendant, NEW JERSEY SMALL BUSINESS DEVELOPMENT CENTER AT RUTGERS UNIVERSITY a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, to restore Plaintiff to the same position he held, at an equivalent rate of pay, at the time of his June 21, 2021 protected activity, reasonable attorney's fees, interest and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues which are triable by a jury.

KOBER LAW FIRM, LLC

BY:  s/ Peter Kober
     Peter Kober, Esq.

DATED: April 6, 2022

23