UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY DESTEFANO,<br><br>          Plaintiff,<br><br>   v.<br><br>NEW JERSEY SMALL BUSINESS DEVELOPMENT<br>CENTER AT RUTGERS UNIVERSITY, a constituent unit of<br>RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY,<br>RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY,<br>ROBERT PALUMBO and KELLY BROZYNA,<br><br>          Defendants. | Civil Action No. 22-01964 (GC)(DEA)<br><br>**MEMORANDUM ORDER** |

**ARPERT, U.S.M.J.**

      THIS MATTER comes before the Court on Plaintiff's motion for leave to file a Second Amended Complaint ("SAC"). ECF No. 20. Plaintiff seeks to add two related causes of action, one is a federal First Amendment retaliation claim and the second is the New Jersey analog of the federal claim. ECF No. 20-4. Rutgers, The State University of New Jersey ("Rutgers"), and its employees, Robert Palumbo and Kelly Brozyna (collectively, the "Defendants"), oppose the motion arguing futility of Plaintiff's proposed amendments. ECF No. 24.

**I.   Factual and Procedural Background**

      Plaintiff filed his initial complaint against Defendants on April 6, 2022 alleging five federal and three state law causes of action. ECF No. 1. Thereafter, on July 15, 2022, Defendants filed a motion to dismiss the initial pleading with prejudice. ECF No. 8. Shortly after the motion to

1

dismiss was filed, Plaintiff amended his complaint for the first time as of right. ECF No. 11. The First Amended Complaint ("FAC") withdrew four of the five federal claims for Counts I through IV and added Equal Protection retaliation claims arising under both the U.S. and New Jersey Constitutions. *Id.* at 15-16. Notably, Plaintiff also changed the allegation describing himself originally as an "independent contractor" to an "employee" of Defendant Rutgers. ECF No. 11.

On September 2, 2022, Defendants collectively moved to dismiss the FAC. ECF No. 16. One week later, Plaintiff filed the instant motion for leave to file a SAC. ECF No. 20. The Court terminated the Defendants' motion to dismiss pending the resolution of the instant motion. ECF No. 27.

Plaintiff's proposed amendments in the SAC stem entirely from a June 21, 2021 email from Plaintiff to Defendant Robert Palumbo, Palumbo's administrative assistant, the U.S. Small Business Administration, and contacts for Congressman Norcross and Senator Booker. ECF No. 20-4 ("proposed SAC") ¶¶ 54-57. Plaintiff asserts this email constitutes protected activity. *Id.* ¶ 57.

## II. Legal Standard

Rule 15(a) provides in relevant part, where a party seeks to amend beyond the party's right as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)-(2).

Rule 15 "embodies a liberal approach to pleading." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (citation omitted). "The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case." *Arthur*,

434 F.3d at 206 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The "Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities." *Clinton v. Jersey City Police Dep't*, No. CV 2:07-5686-CCC-MF, 2017 WL 1024274, at *2 (D.N.J. Mar. 16, 2017) (citing *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990)).

While "amendments are to be liberally granted, the district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989). Courts may reject a Rule 15(a)(2) motion when the amendment sought: (1) causes undue delay; (2) arises from bad faith or dilatory motive on the part of the movant; (3) arises from repeated failure to cure deficiencies by amendments previously allowed; (4) causes undue prejudice to the opposing party by virtue of allowance of the amendment; or (5) is futile. *Foman*, 371 U.S. at 182; *see also Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

Amendments are futile if "the complaint, as amended, fails to state a claim upon which relief could be granted[,]" or in other words, when they would fail under a Rule 12(b)(6) analysis. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). To survive a 12(b)(6) motion, plaintiffs must show that their claims "cross the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining whether an amendment is insufficient on its face, the Court employs the Rule 12(b)(6) motion to dismiss standard and "considers only the pleading, exhibits attached to the pleading, matters of public record and undisputedly authentic documents if the party's claims are based upon same." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "[C]ourts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharmaceutical Sales and Consulting Corp. v. J.W.S.*

3

*Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). In the Third Circuit, a district court "determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff." *Winer Fam. Tr. v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007).

## III. Discussion

As to both proposed causes of action, Defendants argue that allowing the amendment would be futile because both fail as a matter of law. ECF No. 24 at 17. Specifically, Defendants argue that Plaintiff's June 21, 2021 "email is not entitled to constitutional protection because it does not address a matter of public concern, but instead relates to a personal gripe regarding outstanding invoices and a new purchase order." *Id.* at 27. Plaintiff contends his amendments "plausibly show" that his statement did involve matters of public concern. For the reasons below, the Court will allow Plaintiff's amendments.

### A. Futility of Plaintiff's Federal First Amendment Retaliation Claim

The First Amendment of the U.S. Constitution prohibits, in relevant part, "abridging the freedom of speech, or of the press." U.S. CONST. amend. I.

To prevail on a retaliation claim predicated on Section 1983, a plaintiff must show "(1) he engaged in protected speech, (2) the defendant took adverse action sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the adverse action was prompted by plaintiff's protected speech." *Wilson v. Zielke*, 382 F. App'x 151, 153 (3d Cir. 2010) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). Whether or not speech is protected by the First Amendment is a question of law. *Curinga v. City of Clairton*, 357 F.3d 305, 310 (3d Cir. 2004).

"A public employee's statement is protected activity when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee differently from any other member of the general public' as a result of the statement he made." *Hill v. Borough of Kutztown*, 455 F.3d 225, 241–42 (3d Cir. 2006). "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Id.* at 242 (citing *Rankin v. McPherson*, 483 U.S. 378, 384 (1987)). Courts may not "cherry pick something [from the record] that may impact the public while ignoring the manner and context in which that statement was made or that public concern expressed." *Miller v. Clinton Cnty.*, 544 F.3d 542, 550 (3d Cir. 2008) (internal quotations omitted).

The Third Circuit has cautioned that it is not proper at the pleading stage to conclude whether alleged protected speech involved a matter of "public concern" as that is a determination that "must be made after an examination of the content, form, and context of [the] statement, as revealed by the **whole record**." *Compare Hill*, 455 F.3d at 242–43 (holding the First Amendment retaliation claim "should not have been dismissed" where the District Court dismissed the complaint pursuant to 12(b)(6)) (internal quotations omitted) (alteration in original) (emphasis added), *with Foraker v. Chaffinch*, 501 F.3d 231, 239–40 (3d Cir. 2007), *abrogated on other grounds by Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379 (2011) (holding Plaintiffs' claims under the First Amendment "were presented in detail at a jury trial, giving both the District Court and this Court comprehensive information from which to answer the question of whether [Plaintiffs] spoke pursuant to their official duties.").

Here, because the case is still at the pleading stage, it would be improper to decide whether Plaintiff's proposed amendments involve matters of "public concern" to constitute protected

speech. The Court may properly consider this once the record is more fully developed. For this reason, the Court will allow Plaintiff's amendment to proceed.

### B. Futility of Plaintiff's State Law First Amendment Retaliation Claim

"Because our State Constitution's free speech clause is generally interpreted as co-extensive with the First Amendment, federal constitutional principles guide the Court's analysis." *State, Twp. of Pennsauken v. Schad*, 160 N.J. 156, 176, 733 A.2d 1159, 1169 (1999); *see also Borden v. Sch. Dist. of Twp. of E. Brunswick*, 523 F.3d 153, 164 (3d Cir. 2008) (holding while defendants did not argue that plaintiff failed to state a claim under the First Amendment, "it would not change [the court's] analysis, because [plaintiff] stated a claim under the free speech clause of the New Jersey Constitution, which has protections that are 'generally interpreted as co-extensive with the First Amendment.'").

Because the same analysis for the federal First Amendment retaliation claim applies here, the Court similarly allows Plaintiff's amendment as to the state law claim to proceed.

### C. Conclusion

For the reasons herein, the Court **GRANTS** Plaintiff's motion for leave to file a Second Amended Complaint.

IT IS on this 6th day of April 2023;

ORDERED that Plaintiff is to file a Second Amended Complaint substantially identical to the proposed Second Amended Complaint filed at ECF No. 20-4 not later than 7 days from the date of this Order; and it is

FURTHER ORDERED this Order terminates ECF No. 20.

_____
DOUGLAS E. ARPERT, U.S.M.J.